C\m

# UNITED STATES DISTRICT COURT

EASTERN  District of  NEW YORK

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| FREDRIC GRAE | Case Number: CR98-00566 (CBA) |
| | USM Number: |

**Date of Original Judgment:** January 5, 2000
(Or Date of Last Amended Judgment)

Ephraim Savitt, Esq. (AUSA Daniel Alonso)
Defendant's Attorney

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  SEP 30 2005  ★
P.M.
TIME A.M.

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
X was found guilty on count(s) 1 through 10, 12 through 23 and 25 of Superseding Indictment (S-3) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| see pages 1a and 1b attached | | | |

The defendant is sentenced as provided in pages 2 _____ 5 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s) _____underlying Indictments_____ ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 21, 2005 (date of correction)
Date of Imposition of Judgment

/S/ HON. CAROL B. AMON
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

September 26, 2005
Date

Count One charges that between 1991 and October 5, 1994, the defendant and others conspired to commit mail fraud to arrange for delivery of bribes in personal injury cases, harming Aetna Life & Casualty Co., American International Group, Inc., Geico Insurance Co., ITT Hartford Insurance Co., State Farm Mutual Life Insurance Co., Commercial Union Insurance Co., Fireman's Fund, Inc., Continental Insurance Co., Eagle Insurance Co., Colonial Penn Insurance Co. and American Home Assurance Co., in violation of 18 U.S.C. §§ 1341 and 371.

Count Two charges that on August 27, 1993, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Three charges that on December 22, 1993, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Four charges that on January 5, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Five charges that on February 4, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Six charges that on January 31, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Seven charges that on February 18, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Eight charges that on March 7, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Nine charges that on March 8, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Ten charges that on April 8, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Twelve charges that on February 17, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Thirteen charges that on June 7, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Fourteen charges that on June 14, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Fifteen charges that on June 16, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Sixteen charges that on June 15, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Seventeen charges that on June 20, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Eighteen charges that on August 4, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Nineteen charges that on August 12, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Twenty charges that on August 8, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Twenty-one charges that on August 11, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Twenty-two charges that on August 22, 1994, the defendant and others committed mail fraud, in violation of 18 U.S.C. § 1341.

Count Twenty-three charges that on February 15, 1994, the defendant and others committed wire fraud, in violation of 18 U.S.C. § 1343.

Count Twenty-five charges that on August 11, 1994, the defendant and others committed wire fraud, in violation of 18 U.S.C. § 1343.

DEFENDANT: FREDRICK GRAE
CASE NUMBER: CR98-00566 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term
one year and one day on count 1; one year and one day on counts 2 through 10, 12 through 23, and 25 to run concurrently to count 1

X   The court makes the following recommendations to the Bureau of Prisons:
The defendant shall be incarcerated at FMC Devens, MA.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____.

   ☐ as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   X   by noon ~~a.m./p.m.~~ on November 28, 2005.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: FREDRIC GRAE
CASE NUMBER: CR98-00566 (CBA)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
3 years on count 1, 3 years on counts 2 through 10, 12 through 23, and 25 to run concurrently to count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: FREDRIC GRAE
CASE NUMBER: CR98-00566 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 1,150.00 | $ 20,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   FREDRIC GRAE
CASE NUMBER: CR98-00566 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  Lump sum payment of $ __1,150.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance     ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
The defendant was previously ordered to pay the $20,000.00 fine one month after the original sentence date (01/05/00).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.